

Application GRANTED. Defendants' motion for judgment on the pleadings is DENIED without prejudice to renewal. All discovery will remain stayed pending further order of the Court. The parties shall file a joint status letter by **July 26, 2022**.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 26 and 30.

Dated: June 27, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

    Re:    *656 Hermitage Circle, LLC v. Wallach, et al.*, Case No. 1:22-cv-000571-LGS
             Letter-Motion for Temporary Stay

Dear Judge Schofield:

    My firm represents Defendants David and Maria Wallach ("Defendants") in the above-referenced matter. I write to request a temporary stay of the proceedings for the reasons stated below.

    "Something is rotten in the state of Denmark." Hamlet, Act I, scene iv. As the Court knows, on June 3, 2022, Defendants filed *Defendants' Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c)* (the "Motion") [Dkt. Nos. 26 & 27], and on June 17, 2022, Plaintiff 656 Hermitage Circle, LLC ("656 Hermitage" or "Plaintiff") filed *Plaintiff's Brief in Opposition to Defendants' Motion for Judgment on the Pleadings* (the "Response") [Dkt. No. 28]. Defendants' reply is due today.

    By way of reminder, Plaintiff brought this lawsuit against Defendants seeking to enforce guarantees that Defendants executed to secure a loan made by Sustainable Income, LLC ("Sustainable") to W-Cat, Inc. ("W-Cat"). Complaint [Dkt. 1] ¶ 1. The loan was also secured by a mortgage on real property (the "Property") owned by W-Cat, located in Luzerne County, Pennsylvania. *Id.*, Ex. B. The Complaint alleges that (i) W-Cat defaulted on the loan and (ii) 656 Hermitage purchased all of Sustainable's "right, title, interest and obligations" under the promissory note that evidenced the loan, including "all rights against any guarantor." *Id.* ¶¶ 18, 21.

    The Motion is predicated on a certain Satisfaction Piece that Sustainable executed and recorded in the Luzerne County Recorder of Deeds. [Dkt. No. 16]. The Court may take judicial notice of the Satisfaction Piece. The Satisfaction Piece states expressly that Sustainable "hereby certifies that the debt secured by the above-mentioned Mortgage has been fully paid or otherwise discharged . . . ." [Dkt. No. 16 at 3]. This comports with Pennsylvania statutory law concerning the

ASHMAN LAW OFFICES, LLC
CHICAGO | SCOTTSDALE | NEW YORK

312.596.1700 [P] | 312.873.3800 [F]
KASHMAN@ASHMAN.LAW | WWW.ASHMAN.LAW
499 HUDSON STREET ▪ FIFTH FLOOR ▪ NEW YORK, NEW YORK 10013

Hon. Lorna G. Schofield
June 24, 2022
Page 2

filing of a Satisfaction Piece, which provides that "[t]he satisfaction piece when recorded shall forever thereafter discharge, defeat and release the lien and debt of the mortgage." 21 Pa. Stat. § 721-4. In its Response, Plaintiff discloses that, on June 14, 2022, it filed a *Joint Petition to Strike Satisfaction Piece* (the "Petition") in the Luzerne County Court of Common Pleas. *See* Dkt. No. 28-2. Joining Plaintiff in the Petition were W-Cat and Sustainable. On the same day it was filed, the court granted the Petition and issued an Order (the "Order") that struck the Satisfaction Piece from the Recorder of Deeds and deemed it not subject to 21 Pa. Stat. § 721-4. *See* Dkt. No. 28-1.

Why would a borrower, W-Cat, which had a complete and full release of its debt obligation and release of an encumbrance on its real property agree to and join in a petition to reinstate its debt and renew the encumbrance? Could it be that both the borrower, W-Cat, and the lender (through a purported assignment), Plaintiff, are controlled by the same person, Robert Powell ("Powell") – and he is causing both the borrower and lender to collude to screw over Defendants as guarantors? There is already evidence from the filings with the Luzerne County Recorder of Deeds that Powell has left W-Cat without assets, for on December 17, 2021, Powell caused 656 Hermitage to grant a mortgage on the Property to One More Mountain Top, LLC ("OMMT"), something it could not have done unless Powell had caused W-Cat to transfer the Property (its only asset) to 656 Hermitage. *See* Dkt. No. 24-5. This is further evidenced by that, on the first page of this mortgage, it is reflected that 656 Hermitage has agreed to sell the Property to OMMT – again, something it could not do unless Powell had caused W-Cat to transfer the Property to 656 Hermitage. *Id.* at 3.

The Petition filed in the Luzerne County Court of Common Pleas omits material information and contains misleading statements, and that court might not have issued the Order if it had the full facts. Among the omitted facts and misleading statements are the following:

- The Petition references an assignment, dated December 16, 2021, from Sustainable to 656 Hermitage (Petition ¶ 6) [Dkt. No. 28-2 at 4]; yet, this document is apparently a secret, for it is referenced in the Complaint filed in this case without attachment (although other documents are attached to the Complaint) and it is not attached to the Petition either. Since the entire predicate of the Petition is grounded on this purported assignment, it would seem important for the Court of Common Pleas to review it before issuing a ruling.

- The Petition states that Sustainable filed the Satisfaction Piece on January 11, 2022, representing that it occurred in error because it was "more than three weeks after Sustainable assigned its rights in the Mortgage Deed to 656 Hermitage." Petition ¶ 7 [Dkt. No. 28-2 at 4]. This is misleading because the Satisfaction Piece was signed on December 16, 2021, the same date as the purported assignment, evidencing that it was all part of one transaction.

- The Petition does not mention the mortgage that 656 Hermitage granted to OMMT. Yet, that mortgage was also recorded on January 11, 2022. And, both it and the

ASHMAN LAW OFFICES, LLC
CHICAGO | SCOTTSDALE | NEW YORK

312.596.1700 [P] | 312.873.3800 [F]
KASHMAN@ASHMAN.LAW | WWW.ASHMAN.LAW
499 HUDSON STREET ▪ FIFTH FLOOR ▪ NEW YORK, NEW YORK 10013

- Satisfaction Piece were prepared by the same law firm, Piperato Law Office, LLC, and recorded by the same title company, Penn Start Land Transfer, LLC. The combined filing of these two documents by the same firm on the same date evidences that what really occurred was a refinancing, and the filing of the Satisfaction Piece was not in error – something the Court of Common Pleas should know.

- The Petition was supported in part by the Declaration of Arthur Motch ("Motch"), who is identified as an Authorized Representative of Sustainable. [Dkt. No. 28-2 at 27]. Curiously, Motch never says that the Satisfaction Piece was filed in error, which is what is alleged in the Petition. He does say, however, that the Assignment of Mortgage Deed is attached "above" to his Declaration, but it is not included.

- The Petition states that no third parties will be prejudiced by the grant of the Petition and striking of the Satisfaction Piece without mentioning the Guarantors, the existence of whom the Court of Common Pleas should know. Moreover, by striking the Satisfaction Piece, the court revived a mortgage issued in 2017, thereby giving retroactive priority over subsequently filed third-parties. To account for this, the Petitioners state that, "if the Satisfaction Piece is stricken[,] 656 Hermitage will release the Mortgage Deed," which it represented it would do "upon the Court's entry of an order striking the Satisfaction Piece." Petition ¶¶ 17-18 [Dkt. No. 28-2 at 5]. Yet, to-date, 656 Hermitage has not filed anything further with the Recorder of Deeds, making the Petition materially misleading.

- The Petition was signed by Matthew G. Boyd, who apparently acted as counsel for all three of the Petitioners – W-Cat, 656 Hermitage, and Sustainable. Yet, there was an inherent conflict of interest in representing both W-Cat and 656 Hermitage, something the Court of Common Pleas should know.

Defendants intend on filing papers in the immediate future to intervene in the case before the Court of Common Pleas. To be sure, Defendants consent to none of what Plaintiff has done – not to the filing of the Petition, not to the filing of a release of the Mortgage Deed, not to the filing of any other of its various papers. But, they believe that the Court of Common Pleas should have the full facts before it as it considers the issue, for the evidence reveals that a refinancing occurred dressed as an assignment to prejudice Defendants as guarantors. Defendants, therefore, respectfully request that this Court stay this case, including the Motion, to afford Defendants the opportunity to seek clarification of the issue before the Court of Common Pleas. Defendants suggest that they provide periodic status reports to this Court to apprise it of progress on the matter.

Very truly yours,

/s/*Kenneth J. Ashman*
Kenneth J. Ashman

cc: Stephen M. Faraci, Sr., Esq. (via ECF)
    Mr. David T. Wallach (via email)

ASHMAN LAW OFFICES, LLC
CHICAGO | SCOTTSDALE | NEW YORK

312.596.1700 [P] | 312.873.3800 [F]
KASHMAN@ASHMAN.LAW | WWW.ASHMAN.LAW
499 HUDSON STREET ▪ FIFTH FLOOR ▪ NEW YORK, NEW YORK 10013